UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,

Defendant.
_______________________________ /

Case No. 25-12048

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER ON MAGISTRATE JUDGE'S SEPTEMBER 4, 2026 REPORT AND RECOMMENDATION (ECF No. 21)**

## I. PROCEDURAL HISTORY

Plaintiff, Scott Sedore, filed this action under the Americans With Disabilities Act and the Rehabilitation Act against the Michigan Department of Corrections (MDOC). (ECF No. 1). The court referred this matter to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings. (ECF No. 11). The MDOC filed a motion to dismiss the complaint. (ECF No. 15). Judge Ivy issued a report and recommendation in which he recommended that the MDOC's motion to dismiss be granted in part and denied in part. (ECF No. 21). Plaintiff filed objections to the report and recommendation. (ECF No. 22).

For the reasons set forth below, the court **OVERRULES** Plaintiff's objections (ECF No. 22), **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 21), and **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss the complaint (ECF No. 15). The court also **DENIES** Plaintiff's request for a response from the court to Defendant's motion to dismiss as moot. (ECF No. 20).

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The filing of vague, general or conclusory objections to a

magistrate judge's report and recommendation is tantamount to a complete failure to object. *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Further, the court "need not root through the record to find

facts that would support Plaintiffs' positions." *Munoz v. Rare Hosp. Int'l Inc.*, 2025 WL 89722, at *4 (M.D. Tenn. Jan. 14, 2025) (citing *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (noting that "[j]udges are not like pigs, hunting for truffles" in the record that might support a party's position); *see also United States v. Sullivan*, 2019 WL 1354039, at *3 (E.D. Ky. Mar. 26, 2019) ("It is not the job of the Court to hunt for the evidence which may or may not support a petitioner's motion." Rather, it is the job of the objecting party to "clearly and concisely identify specific factual and legal problems with a magistrate judge's R&R."); *J.A. v. Smith Cnty. Sch. Dist.*, 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (Objections buried within a party's filing need not be considered by the court.). Finally, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

The court assumes familiarity with the report and recommendation and the factual background of this matter. Magistrate Judge Ivy concluded that Plaintiff's complaint permitted the reasonable inference that MDOC knowingly refused to address a disability-related barrier to meal services despite notice of the problem and that such allegations were sufficient to state a plausible ADA Title II intentional discrimination or deliberate indifference claim. (ECF No. 21, PageID.158). Judge Ivy reached a different conclusion regarding Plaintiff's § 504 intentional discrimination claim. Judge Ivy reasoned that although the same allegations may satisfy Title II's but-for causation requirement, they do not plausibly establish that Plaintiff's disability was the sole cause of the challenged conduct as required under § 504. *See Finley v. Huss*, 102 F.4th 789, 820 (6th Cir. 2024) (Rehabilitation Act claims, unlike ADA claims, impose an extra causation requirement where the plaintiff must show that the discrimination was solely because of his disability (citing *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317 (6th Cir. 2012) (en banc))). Judge Ivy pointed out that Plaintiff offered alternative explanations for the shortage of accessible seating that was unrelated to Plaintiff's disability. According to the R&R, these allegations suggest multiple

contributing causes for Plaintiff's inability to secure accessible seating, including overcrowding, administrative practices, and third-party misconduct. Thus, Judge Ivy concluded that because "Plaintiff's own allegations identify causes other than his disability, the complaint does not plausibly allege that the challenged exclusion occurred just because of his disability," as required by § 504. (ECF No. 21, PageID.158). Accordingly, Judge Ivy concluded that dismissal of the § 504 claim was warranted, even though the Title II claim survived. *Id*. at PageID.159.

In his objection, Plaintiff asserts that because ADA Title II claims and claims under § 504 of the Rehabilitation Act are held to the same substantive standard in the Sixth Circuit, then his claim under § 504 for intentional discrimination should be allowed to proceed, just as his ADA claim has been allowed to proceed. (ECF No. 22, PageID.162). It is true that in this circuit, the ADA and the Rehabilitation Act share the same general substantive standard. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) ("To recover on a claim of discrimination under either the ADA or the Rehabilitation Act, which in this circuit share the same substantive standard, 'a plaintiff must show that: 1) he is an individual with a disability; 2) he is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) he was

discharged solely by reason of his handicap.'" (quoting *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996))); *see also Macy v. Hopkins County Sch. Bd. of Educ.,* 484 F.3d 357, 363 n. 2 (6th Cir. 2007) (explaining that, unlike "every other circuit save one," the Sixth Circuit continues to subject claims brought under either the ADA or the Rehabilitation Act to the same substantive standard despite the linguistic differences between the two acts). However, it is equally clear that the Rehabilitation Act, unlike the ADA, imposes an extra causation requirement in that a plaintiff must establish that the discrimination was solely caused by his disability. *See Finley*, 102 F.4th at 820; *Lewis*, 681 F.3d at 317. Plaintiff does not point to any error in Judge Ivy's causation analysis regarding his § 504 claim. Accordingly, this objection is **OVERRULED**.

Judge Ivy concluded that Plaintiff did not have standing to assert a failure to accommodate claim or to seek declaratory relief. (ECF No. 21, PageID.155). While Plaintiff claims that his complaint shows all the elements required under the law to sustain a claim for reasonable accommodation, he does not specifically object to Judge Ivy's analysis that he does not have standing to assert a failure to accommodate claim. (ECF No. 22, PageID.166). To the extent Plaintiff intended this to be an objection, the court finds it

improper because an objection must be clear and specific enough that the court can squarely address it on its merits. *See Pearce*, 893 F.3d at 346 ("For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"). Here, the court is left to guess at possible defects in the Magistrate Judge's analysis regarding standing. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002). Because this objection is too vague for the court to consider and fails to identify any error in Judge Ivy's order, it is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the court **OVERRULES** Plaintiff's objections (ECF No. 22), **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 21), and **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss the complaint (ECF No. 15). The court also **DENIES** Plaintiff's request for a response from the court to Defendant's motion to dismiss as moot. (ECF No. 20).

**SO ORDERED.**

Date: September 25, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge